FORT SMITH *v.* MIDLAND VALLEY RAILROAD COMPANY.

Opinion delivered January 22, 1923.

MUNICIPAL CORPORATION—OCCUPATION TAX EXEMPTION.—A municipal ordinance imposing an occupation tax upon railroad companies "operating railroads entering the city, maintaining and operating a passenger and freight depot, it not being the purpose to tax any interstate, foreign or United States business," exempts from its operation a railroad company engaged exclusively in interstate business.

Appeal from Sebastian Circuit Court, Fort Smith District; *John Brizzolara,* Judge; affirmed.

*Fadjo Cravens,* for appellant.

The ordinance was valid. 125 U. S. 183.

*O. E. Swan* and *Pryor & Miles,* for appellee.

As the ordinance itself excepts the appellee and those engaged in interstate commerce from its provisions, the tax does not apply to appellee. 58 U. S. law. ed. 483; 141 U. S. 47; 120 U. S. 489; 127 U. S. 640; 129 U. S. 141; 203 U. S. 507; 217 U. S. 91; 221 U. S. 229; 226 U. S. 205; 227 U. S. 389; 230 U. S. 352, 62 U. S. law. ed. 298.

McCULLOCH, C. J.   The city of Fort Smith has an ordinance enacted under the supposed authority of the statute empowering cities to impose occupation taxes (Crawford & Moses' Digest, § 7618), and a section, or clause, of that ordinance imposing a tax on the operation of railroad depots reads as follows:

"Railroad companies, receivers, individuals or associations operating railroads entering the city, maintaining and operating a passenger and freight depot, it not being the purpose to tax any interstate, foreign or United States business, $150 per annum."

Appellee railroad corporation maintains a passenger and freight depot in Fort Smith, and, having failed to pay the occupation tax prescribed by the section quoted above, this proceeding was instituted against it by the city in municipal court to recover the amount of the tax.

On appeal to the circuit court the city was denied recovery, and it has prosecuted an appeal to this court.

The case was tried on an agreed statement of facts, that the appellee "maintains and operates in the city of Fort Smith a freight and passenger depot for the purpose of receiving and discharging freight and passengers, but that it owns no line of railroad entering the city of Fort Smith; that it has trackage arrangements with the Frisco whereby its trains from Wichita, Kansas, through the State of Oklahoma are operated into Fort Smith over the Frisco tracks from Rock Island, Oklahoma, a point about thirty-five (35) miles southwest of Fort Smith, in the State of Oklahoma; and that all the business, both passenger and freight, carried or handled by the defendant, Midland Valley Railroad, into or out of the city of Fort Smith, is interstate traffic; that it handles no intrastate traffic of any kind or character whatever in the city of Fort Smith."

Counsel for appellee contend that, under the language of the ordinance in question, its business of operating a depot is expressly exempted from the tax, and we concur with them in this contention. The decision will therefore be confined to that single question, without deciding what the effect of an ordinance would be as to the imposition of a tax on the business of appellee, even if it did not contain the exemption clause.

It is difficult to discover any other meaning intended by the language used in the ordinance than that the tax shall not apply to the operation of a depot for the transaction of interstate business. It is the business, or occupation, upon which the statute authorizes the tax, and, since this ordinance declares that it is not the purpose to tax interstate business, it necessarily means that the exaction does not apply to a depot operated in that character of business. According to the stipulation of facts, appellee is not engaged in the city of Fort Smith in any business other than interstate in its character.

Judgment affirmed.